## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RANDOLPH D. RADER and GAY S. RADER,**

    **Plaintiffs,**

**v.**                                                                                                                            **Case No: 6:13-cv-878-Orl-31KRS**

**PETE MERCALDO, BRIAN CAVANAUGH,
MICHAEL SZCZEPANSKI, CITY OF
MELBOURNE,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 35) filed by the City of Melbourne (the "City") and the response in opposition (Doc. 41) filed by the Plaintiffs, Randolph Rader and Gay Rader, who appear in their capacity as co-personal representatives of the estate of Ryan Rader.

### I.    Background

According to the allegations of the Complaint (Doc. 1) which are accepted in pertinent part as true for purposes of resolving this motion to dismiss, Ryan Rader phoned his mother, Gay Rader, on the night of February 13, 2012. (Doc. 1 at 3). He sounded intoxicated, and he asked her to travel from Oviedo to pick him up in Melbourne. (Doc. 1 at 3). Shortly thereafter, she contacted the Melbourne Police Department and advised them that her son had just told her that he was suicidal and armed with a handgun. (Doc. 1 at 3). Officers from the Melbourne Police Department arrived at Ryan Rader's apartment complex a few minutes later. (Doc. 1 at 3-4)

Three officers – Defendants Pete Mercaldo, Brian Cavanaugh, and Michael Szczepanski – encountered Ryan Rader, apparently outside his apartment. (Doc. 1 at 4). Ryan Rader had a beer in one hand and had the other hand in his pocket. (Doc. 1 at 4). One of the officers told him to show his hands. (Doc. 1 at 4). Within a few seconds, without provocation, the officers fired more than a dozen bullets at Ryan Rader, killing him.

On June 6, 2013 the Plaintiffs filed the instant suit. On July 30, 2013, the Plaintiffs filed an amended complaint (Doc. 30). In it, they assert claims under 42 U.S.C. § 1983 against the City (Count I) and the officers (Count II). They also assert state law wrongful death claims against the officers (Count III) and the City (Count IV). By way of the instant motion, the City seeks dismissal of the two counts asserting claims against it.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.    Analysis

In Count I, the Plaintiffs raise a policy-and-practice claim against the City, alleging that in several ways, including by failing to properly train and supervise its officers, the City was deliberately indifferent to the risk that the officers would utilize excessive force.  (Doc. 31 at 6). The City argues that the Plaintiffs have failed to include enough facts in the allegation, but at this stage of the proceedings, the Court finds that the allegations are sufficient.  The City also argues that one of the issues raised by the Plaintiffs – the City's decision not to deploy its Crisis Negotiation Unit – cannot give rise to liability.  Even if the City is correct, that alone would not provide a basis for dismissal of the entire count pursuant to Rule 12.

The Defendants next argue that Count IV begins by incorporating every paragraph that precedes it, which makes the amended complaint an improper "shotgun" pleading. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293 (11th Cir. 2002). However, in this case the Court finds that, while the incorporation introduces some redundancy into the subsequent counts, it does not rise to a level that warrants dismissal.

Like Count I, Count IV is based at least in part on alleged failures by the City to train and supervise its officers. The City argues that the Plaintiffs cannot challenge the content of the City's training program, only its operation or implementation. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260 (11th Cir. 2001) (holding that determination of content of training program is discretionary governmental function, protected by sovereign immunity). The City makes a similar argument in regard to the City's supervision of its officers. The Plaintiffs acknowledge that sovereign immunity bars a challenge to discretionary governmental functions such as determining the content of a training program but argue that they are assailing operational decisions as to the implementation of such programs. At least for now, the Court does not find that sovereign immunity bars Count IV.

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 35) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties