# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RANDOLPH D. RADER and GAY S. RADER,**

      **Plaintiffs,**

**v.**                                                       **Case No:   6:13-cv-878-Orl-31KRS**

**PETE MERCALDO, BRIAN CAVANAUGH, MICHAEL SZCZEPANSKI and CITY OF MELBOURNE,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Summary Judgment (Doc. 60) filed by the City of Melbourne, the response in opposition (Doc. 68) filed by the Plaintiffs, and the reply (Doc. 72) filed by the City.

The Plaintiffs, Randolph and Gay Rader, filed the instant suit on their own behalf and as personal representatives of the estate of their son, Ryan, who died after being shot by members of the Melbourne Police Department on February 13, 2012.  The Plaintiffs asserted claims for violations of 42 U.S.C. § 1983 and state law wrongful death claims against the police officers who were involved and against the City.  By way of the instant motion, the City seeks summary judgment as to both of the claims asserted against it.

### I. Background

On the evening of February 13, 2012, Gay Rader contacted the Melbourne Police Department from her home in Oviedo, asking the police to check on her son, Ryan Rader (henceforth, "Rader").  Rader lived in an apartment complex in Melbourne known as The Beach

Club Condominiums (henceforth, the "Beach Club").  Gay Rader told the police that she had been speaking with her son on the phone and that he "was suicidal and potentially armed with a handgun."  (Doc. 31 at 3).  Within a few minutes of this call, members of the Melbourne Police Department, including Defendants Pete Mercaldo, Brian Cavanaugh, and Michael Szczepanksi (henceforth, "the Individual Defendants"), began arriving at the Beach Club.  At the time, Cavanaugh and Szczepanski were officers with the department, while Mercaldo was a lieutenant.

The Individual Defendants had been given Rader's description and had been informed that he was intoxicated, possibly suicidal and possibly armed with a handgun.  As the Individual Defendants approached the ground-floor vestibule of Rader's apartment building, they encountered Rader, to their right, approximately 15 to 20 feet away.  Rader was holding a beer bottle in his right hand.  (Doc. 31 at 4).

The Individual Defendants recognized Rader based on the description they had been provided and they began shouting commands at him, including a command to "Show me your hands."  (Doc. 31at 4).  Rader put his left hand into his pants pocket and pulled out a handgun.[1]  Some officers shouted for Rader to drop his weapon, but Rader did not do so.  The Individual Defendants opened fire on Rader, who was killed.[2]

## II.     Legal Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact.  Fed.R.Civ.P. 56(c).  Which facts are material depends on the substantive law applicable to the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[1] Cavanaugh testified at his deposition that he opened fire before the pistol was fully withdrawn from Ryan Rader's pocket.  (Cavanaugh Depo. at 43-44).

[2] It is not clear from the record how many shots were fired, but it appears to be upwards of 15.

(1986). The moving party bears the burden of showing that no genuine issue of material fact exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted).   Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial.   *Id.* at 322, 324-25.   The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.  *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

**III.    Analysis**

  **A.    Claim under 42 U.S.C. § 1983**

The Plaintiffs' Section 1983 claim against the City is based on an alleged failure to properly train and supervise its police officers and an alleged adoption of a policy of condoning the use of excessive force.   (Doc. 31 at 6-7).   The Court recently granted motions for summary judgment filed by the officers involved in the shooting – *i.e.*, the Individual Defendants – finding that the Plaintiffs had not shown that the officers committed a constitutional violation.   In the absence of a constitutional violation committed by one of its officers, the City cannot be held liable under 42 U.S.C. § 1983.  *See*, *e.g.*, *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) ("[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his

constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.") (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412).   Accordingly, the City is entitled to summary judgment on the Plaintiffs' Section 1983 claim.

### B.   State law wrongful death claim

In Count IV of the Amended Complaint (Doc. 31), the Plaintiffs assert a wrongful death claim against the City of Melbourne under Florida law.   More particularly, the Plaintiffs assert that the City "committed negligent acts" that resulted in the death of Ryan Rader.   (Doc. 31 at 12-13).   The Plaintiffs assert that upon being told that Ryan Rader was suicidal and might have a gun, the City "had a duty or assumed a duty" to utilize the Melbourne Police Department's Crisis Negotiation Unit rather than sending armed police officers to contact him.   (Doc. 31 at 13).   The Plaintiffs also argue that the City "negligently failed to properly train, discipline, and supervise" the Individual Defendants, "as evidenced by the shooting of Ryan Rader within four seconds of when contact was made."   (Doc. 31 at 13).

In granting the motions for summary judgment filed by the Individual Defendants, the Court found that their use of force was objectively reasonable.   This finding necessarily forecloses the Plaintiffs' state law claims against the City.   *See, e.g., Oakes v. Anderson*, 494 Fed. Appx. 35, 40 n.7 (11th Cir. 2012).   In addition, the Plaintiffs have failed to produce any evidence of improper supervision or training.   And to the extent that the Plaintiffs are challenging the content of the City's training program, any such challenge is barred by the discretionary function exception to Florida's waiver of sovereign immunity.   *Lewis v. City of St. Petersburg*, 260 F.3d

1260, 1262 (11th Cir. 2001) (citing *Department of Rehabilitative Services v. Yamuni*, 529 So. 2d 258 (Fla. 1988)).

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 60) filed by the City of Melbourne is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 9, 2014.



_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party