## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

RANDOLPH D. RADER and GAY S.
RADER,

           **Plaintiffs,**

v.                                      **Case No:   6:13-cv-878-Orl-31KRS**

PETE MERCALDO, BRIAN
CAVANAUGH, MICHAEL
SZCZEPANSKI and CITY OF
MELBOURNE,

           **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' AMENDED MOTION . . . OBJECTING TO DEFENDANTS' REQUESTED COSTS (Doc. No. 84)** |
| **FILED:** | **December 22, 2014** |

      On December 09, 2014, the Court directed the Clerk of Court to enter judgment in favor of each Defendant and against each Plaintiff.   Doc. No. 78.   On December 10, 2014, Defendants Pete Mercaldo, Brian Cavanaugh, and Michael Szczepanski filed their bill of costs, requesting $17,446.04 in costs.   Doc. No. 80.   Plaintiffs filed the instant motion objecting to that bill of costs on December 22, 2014.[1]   Defendants had not responded to the motion at the time of the

---

[1] Plaintiffs timely filed their original motion objecting to the bill of costs on December 17, 2014. Doc. No. 81.   Because the original motion did not comply with Local Rule 3.01(g), Plaintiffs were directed to file a renewed motion by December 31, 2014.   Doc. No. 83.

writing of this Report and Recommendation and the time for filing a response has passed.

Accordingly, Plaintiffs' motion is now ripe for review.

Plaintiffs object to taxing the compensation paid to the Defendants' expert, Dr. Charles Mesloh, in the amount of $10,000.00 because Dr. Mesloh was not a court-appointed expert. Unless an expert is court appointed, the Court may only tax the cost of the expert's attendance as a witness at a court proceeding or deposition, and it must do so in the manner set forth in 28 U.S.C.S. §1821(b).   *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996).   The record does not indicate that Dr. Mesloh testified in a court proceeding or deposition.   Moreover, the invoice attached to the bill of costs indicates that Dr. Mesloh's fees correspond to forty hours of time spent "reviewing case file, documentation literature, and final report preparation."   Doc. No. 80 at 14.   Under these circumstances Defendants are not entitled to be reimbursed for Dr. Mesloh's expert fee.

Accordingly, I **RECOMMEND** that Plaintiffs' objection to the taxation of Dr. Mesloh's expert fee in the amount of $10,000.00 be **SUSTAINED**, and that Defendants Pete Mercaldo, Brian Cavanaugh and Michael Szczepanski be awarded costs in the amount of $7,446.04.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 14, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2]  The amount originally sought ($17,446.04) less Dr. Mesloh's expert fee ($10,000.00).